JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-1214-KK-SPx** | Date: | August 19, 2024 |
|---|---|---|---|

| Title: | *Austin Lopez v. Amazon.com Services, LLC, et al.* |
|---|---|

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order GRANTING Plaintiff's Motion to Remand [Dkt. 13]**

### I.
### INTRODUCTION

On May 2, 2024, plaintiff Austin Lopez ("Plaintiff") filed a Complaint in San Bernardino County Superior Court against defendants Amazon.com Services, LLC ("Amazon") and Donald Frazer alleging various claims related to Plaintiff's prior employment with defendant Amazon, including wrongful termination, failure to provide meal breaks, failure to pay overtime and minimum wages, intentional infliction of emotional distress, and negligent infliction of emotional distress. ECF Docket No. ("Dkt.") 3-1, Exhibit A.  On June 10, 2024, defendant Amazon ("Defendant") removed the instant action to federal court.  Dkt. 1.  On July 10, 2024, Plaintiff filed a Motion to Remand.  Dkt. 13.

The Court finds this matter appropriate for resolution without oral argument.  See FED. R. CIV. P. 78(b); L.R. 7-15.  For the reasons set forth below, Plaintiff's Motion to Remand is **GRANTED**.

///

///

///

**CIVIL MINUTES—GENERAL**    Initials of Deputy Clerk NP

## II.
## <u>BACKGROUND</u>

**A.    RELEVANT FACTS**

Plaintiff worked as a Fulfillment Associate and Process Assistant for Defendant from September 22, 2020, to his termination on May 4, 2023.  Dkt. 3-1, Ex. A, Complaint, ¶¶ 10, 13, 18.  Defendant Frazer was Plaintiff's direct manager.  <u>Id.</u> ¶ 14.  Both Plaintiff and defendant Frazer are "residents" of California.  <u>Id.</u> ¶¶ 3, 5; dkt. 1 at 3-4.

Plaintiff alleges "[o]n a near daily basis, Plaintiff was either forced to take untimely meal breaks or no meal break at all."  Compl. ¶ 11.  Plaintiff "was explicitly instructed by [Defendant's] managers, including [defendant Frazer] to clock out before his fifth hour of work and continue working through his meal break so as to make [Defendant] appear to be compliant with the Labor Code."  <u>Id.</u>  Plaintiff "routinely complained to his managers[,] but was met with indifference[.]"  <u>Id.</u> ¶ 12.

In October 2021, Plaintiff began receiving write-ups for meal break violations, in part because "he was unable to clock out before his fifth hour due to the excessive workload and [Defendant's] unreasonable expectations."  <u>Id.</u> ¶ 13.  Plaintiff "complained to his managers, including [defendant Frazer]" after receiving these write-ups.  <u>Id.</u> ¶ 14.  Plaintiff alleges defendant Frazer told Plaintiff he would "take care of it."  <u>Id.</u> ¶ 15.

Around April 2023, Plaintiff "was informed" by another employee that defendant Frazer "engaged in sexual conduct with his subordinates[.]"  <u>Id.</u> ¶ 16.  Plaintiff "is informed and believes that [defendant Frazer] was aware that Plaintiff knew about his inappropriate conduct based on [defendant Frazer's] subsequent retaliatory actions."[1]  <u>Id.</u>

On May 1, 2023, Plaintiff complained to defendant Frazer again regarding the ongoing meal break violations.  <u>Id.</u>  Plaintiff alleges defendant Frazer "agreed to escalate [Plaintiff's] complaint to HR."  <u>Id.</u>

On or about May 3, 2023, HR called Plaintiff into a meeting "where [Plaintiff] was questioned about his knowledge relating to any ongoing rumors pertaining to him."[2]  <u>Id.</u> ¶ 17.

On May 4, 2023, Plaintiff "was terminated for the pretextual and wholly retaliatory reason of making 'false witness statements.'"  <u>Id.</u> ¶ 18.  Plaintiff was never provided the nature or content of the alleged false statements.  <u>Id.</u>

Plaintiff alleges that "[a]s a result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer . . . emotional distress, including (without limitation) depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish.  <u>Id.</u> ¶ 20.  Plaintiff alleges Defendant and defendant Frazer "engaged in intentional and outrageous conduct"

---

[1] It is unclear from the Complaint what allegedly retaliatory actions defendant Frazer inflicted.

[2] Plaintiff fails to allege the substance of the alleged rumors and it is unclear whether "him" refers to Plaintiff or defendant Frazer.

that caused Plaintiff emotional distress.  Id. ¶¶ 84, 85.  Plaintiff further alleges Defendant and defendant Frazer "engaged in negligent and careless conduct" and "subjected Plaintiff to retaliation and wrongful termination," all of which caused Plaintiff extreme emotional distress.  Id. ¶¶ 88-92.

## B.     PROCEDURAL HISTORY

On May 2, 2024, Plaintiff filed a Complaint in San Bernardino County Superior Court raising the following causes of action:

1. **Cause of Action One:**  Whistleblower Retaliation in violation of Section 1102.5 of the California Labor Code against Defendant;
2. **Cause of Action Two:**  Wrongful Termination in violation of Public Policy against Defendant;
3. **Cause of Action Three:**  Unlawful, Unfair, and Fraudulent Business Practices in violation of California's Unfair Competition Law ("UCL"), Section 17200 of the California Business and Professions Code against Defendant;
4. **Cause of Action Four:**  Failure to Provide Meal Breaks in violation of Sections 226.7 and 510 of the California Labor Code against Defendant;
5. **Cause of Action Five:**  Failure to Pay Overtime Compensation in violations of Sections 510 and 1194 against Defendant;
6. **Cause of Action Six:**  Failure to Pay Minimum Wages in violation of Sections 1194, 1194.2, and 1197 against Defendant;
7. **Cause of Action Seven:**  Failure to Provide Accurate Wage Statements in violation of Section 206 of the California Labor Code against Defendant;
8. **Cause of Action Eight:**  Failure to Pay Waiting Time Penalties in violation of Sections 201-203 of the California Labor Code against Defendant;
9. **Cause of Action Nine:**  Intentional Infliction of Emotional Distress ("IIED") against Defendant and defendant Frazer; and
10. **Cause of Action Ten:**  Negligent Infliction of Emotional Distress ("NIED") against Defendant and defendant Frazer.

Dkt. 3-1, Ex. A, Complaint.

On June 10, 2024, Defendant filed a Notice of Removal under 28 U.S.C. § 1441(b)(2)(B) based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b).  Dkt. 1. Defendant argues diversity citizenship exists because (1) Plaintiff and Defendant are citizens of different states; (2) the amount in controversy exceeds $75,000; and (3) defendant Frazer is improperly and fraudulent joined, and thus, he must be disregarded for removal purposes.  Id. at 3.

On July 10, 2024, Plaintiff filed a Motion to Remand arguing defendant Frazer was properly joined because the two causes of action raised against defendant Frazer – Cause of Action Nine, IIED, and Cause of Action Ten, NIED – are sufficiently alleged.  Dkt. 13.  Plaintiff further argues neither claim is barred by the Workers' Compensation Exclusivity Rule.  Id.

On July 18, 2024, Defendant filed an Opposition arguing Plaintiff's claims for IIED and NIED against defendant Frazer cannot state a claim because defendant Frazer is protected by the management privilege, and the claims are barred by the Workers' Compensation Exclusivity Rule. Dkt. 17.

On July 25, 2024, Plaintiff filed a Reply.  Dkt. 19.  This matter, thus, stands submitted.

### III.
### LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction.  When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties, and (2) an amount in controversy over $75,000.  28 U.S.C. § 1332; see Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018).  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

Complete diversity requires "each plaintiff must be of a different citizenship from each defendant."  Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).  However, a district court "may disregard the citizenship of a non-diverse defendant who has been fraudulently joined."  Id.; Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) ("[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'").

There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009).  Under the second theory of fraudulent-joinder, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state," then "the defendant's presence in the lawsuit is ignored for purposes of determining diversity[.]"  Morris, 236 F.3d at 1067.  However, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  Hunter, 582 F.3d at 1046 (internal quotation marks and citation omitted).  "Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'"  Padilla v. AT & T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT & T Wireless, Inc., No. C-06-02904-JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

The standard for evaluating fraudulent joinder "is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction."  Grancare, LLC, 889 F.3d at 549 (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)).  "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent" because "[a] claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."  Id.; Padilla, 697 F. Supp. 2d at 1159 ("[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant.").

"Fraudulent joinder must be proven by clear and convincing evidence."  Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).  Ultimately, there is a "strong

presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus, 980 F.2d at 566.

# IV.
## DISCUSSION

**A.    DEFENDANT FAILS TO MEET ITS BURDEN TO ESTABLISH PLAINTIFF'S IIED CLAIM IS BARRED BY THE WORKERS' COMPENSATION ACT**

### 1.    Applicable Law

Under California law, "claims for emotional distress caused by the employer's conduct causing distress such as 'discharge, demotion, discipline or criticism' are preempted by the Workers' Compensation Act [("WCA")], even when the employer's acts causing the distress are intentional or outrageous." Onelum v. Best Buy Stores L.P., 948 F. Supp. 2d 1048, 1054 (C.D. Cal. 2013); Cal. Lab. Code. § 3601(a); see also Langevin v. Fed. Exp. Corp., No. CV-14-08105-MMM-FFMx, 2015 WL 1006367, at *8 (C.D. Cal. Mar. 6, 2015) (noting the WCA "provides the exclusive remedy for an intentional infliction of emotional distress claim that is based solely on alleged personnel activity"); Yau v. Santa Margarita Ford, Inc., 229 Cal. App. 4th 144, 161 (2014) ("[E]motional injuries sustained in the course of employment are preempted by the workers' compensation scheme and generally will not support an independent cause of action."). "Such distress, whether intentional or negligent conduct on the part of the employer, is considered 'part of the normal risk of employment' and hence subject to the exclusive remedies of the workers' compensation laws." Onelum, 948 F. Supp. 2d at 1054 (quoting Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund, 24 Cal. 4th 800, 814-15 (2001)).

However, "there are exceptions to WCA preemption for 'conduct that contravenes fundamental public policy' and that 'exceeds the risks inherent in the employment relationship.'" Hernandez, 2024 WL 3556165, at *8 (quoting Miklosy v. Regents of Univ. of Cal., 44 Cal. 4th 876, 902 (2008)); Onelum, 948 F. Supp. 2d at 1054. Claims of "discrimination and retaliation fall outside the compensation bargain and therefore claims of intentional infliction of emotional distress based on discrimination and retaliation are not subject to workers' compensation exclusivity." Barringer v. Wal-Mart Stores, Inc., No. SACV-22-01396-CJC-JDEx, 2022 WL 4356106, at *2 (C.D. Cal. Sept. 19, 2022) (citing Light v. Dep't of Parks & Recreation, 14 Cal. App. 5th 75, 101 (2017).

"A plaintiff need not perfectly allege a claim that falls outside WCA preemption in order to avoid a finding of fraudulent joinder." Hernandez, 2024 WL 3556165, at *8; see, e.g., Golda v. Residence Inn by Marriott, LLC, No. CV18-8573-DMG-AFMx, 2019 WL 102375, at *3 (C.D. Cal. Jan. 4, 2019) ("Plaintiff does not explicitly tie his IIED claim to retaliation[,] . . . [but] [i]f pled more carefully in a subsequent amended complaint, these theories could possibly support a cause of action for IIED that falls outside the normal employment relationship, and therefore outside of WCA preemption.").

///

///

2.      **Analysis**

Here, Defendant has failed to meet its burden to establish by clear and convincing evidence defendant Frazer was fraudulently joined based on preemption under the WCA.  To support the claim for IIED, Plaintiff alleges, based on information and belief, defendant Frazer <u>retaliated</u> against him in part because of knowledge Plaintiff had of defendant Frazer's sexual indiscretions.  Compl. ¶ 16 (emphasis added); <u>Barringer</u>, 2022 WL 4356106, at *2 (holding claims of retaliation can fall outside the employment relationship).

Although the allegations are thin, in light of the "strong presumption" against removal jurisdiction, the Court cannot conclude Plaintiff could not amend his complaint to successfully allege a claim for IIED that is not barred by the WCA.  <u>See De Peralta</u>, 2018 WL 748287, at *5 ("Ultimately, the shortcomings of Plaintiff's allegations do not necessarily mean that his IIED claim is fanciful and that therefore [individual Defendant] was fraudulently joined."); <u>Barringer</u>, 2022 WL 4356106, at *3 ("There is a non-fanciful possibility that Plaintiff could amend her complaint to show that the emotional distress she suffered was due to discriminatory, retaliatory, or harassing conduct outside the normal employment relationship, if she does not already allege that sufficiently.") (internal quotation marks omitted); <u>see also</u> <u>Saunders v. Sally Beauty Supply LLC</u>, No. CV 20-2421-GW-PLAx, 2020 WL 1847620, at *2 (C.D. Cal. Apr. 10, 2020) ("[C]ourts have noted that part of the difficulty in relying upon workers' compensation exclusivity to satisfy the fraudulent joinder standard is the lack of certainty in the law on this subject.").  Thus, Defendant fails to meet its burden to establish Plaintiff's IIED claim against defendant Frazer is barred by the Workers Compensation Act.

## B.      DEFENDANT FAILED TO MEET ITS BURDEN TO ESTABLISH THERE IS NO POSSIBILITY PLAINTIFF COULD ALLEGE AN IIED CLAIM

1.      **Applicable Law**

To state an IIED claim, a plaintiff must allege "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct."  <u>Hughes v. Pair</u>, 46 Cal. 4th 1035, 1050 (2009) (internal quotations omitted).

2.      **Analysis**

Here, Defendant fails to establish by clear and convincing evidence defendant Frazer was fraudulently joined due to an inability to sufficiently allege a claim for IIED.

First, with respect to Defendant's argument that Plaintiff's claim against defendant Frazer was barred by the managerial privilege, dkt. 17 at 7-8, this argument fails because "[m]anagerial conduct can give rise to IIED claims when it is 'extreme and outrageous' and 'goes beyond the act of termination.'"  <u>Lorenz v. United Parcel Serv., Inc.</u>, 2019 WL 3254220, at *3 (C.D. Cal. July 19, 2019).

Second, with respect to Defendant's argument that Plaintiff fails to sufficiently allege a claim for IIED, it is possible that, through amendment, a state court could find Plaintiff sufficiently alleges

extreme and outrageous conduct to adequately state a claim. <u>Hunter</u>, 582 F.3d at 1046 ("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.") (internal quotation marks and citation omitted); <u>McBee v. Raytheon Techs. Inc.</u>, 2024 WL 182282, at *6 (C.D. Cal. Jan. 16, 2024) ("The propriety of remand based on fraudulent joinder depends solely on whether a claim against the purported sham defendant may be stated, not whether one has been or may be stated based on the present or future evidentiary record . . . . For that reason, courts routinely grant motions to remand even where, as here, a plaintiff has not yet stated a viable claim against the purportedly fraudulently joined defendant and/or the present evidentiary record would not support liability as to the purportedly fraudulently joined defendant.") (internal quotation marks, citation, and brackets omitted).

Thus, considering the "strong presumption" against removal, the Court does not find Defendant has met its burden to establish by clear and convincing evidence Plaintiff could not sufficiently allege a claim for IIED. <u>See</u> <u>De Peralta</u>, 2018 WL 748287, at *5.

* * *

Accordingly, defendant Frazer has not been fraudulently joined, and thus, his inclusion in the action destroys diversity jurisdiction.[3]

## C.    PLAINTIFF IS NOT ENTITLED TO ATTORNEYS' FEES

In granting a motion for remand, the court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Cap. Corp.</u>, 546 U.S. 132, 141 (2005). "The decision to award attorney fees lies within the trial court's discretion, and does not require a showing that removal was in bad faith." <u>Moore v. Permanente Medical Group, Inc.</u>, 981 F.2d 443, 446 (9th Cir. 1992).

Here, considering Defendant's arguments, the Court declines to award Plaintiff his requested attorneys' fees and costs because Defendant did not "lack[] an objectively reasonable basis for seeking removal" in light of the substantial factual deficiencies in Plaintiff's claims against defendant Frazer. <u>Martin</u>, 546 U.S. at 141.

**V.**
**<u>CONCLUSION</u>**

For the reasons set forth above, Plaintiff's Motion to Remand is **GRANTED**.  (JS-6)

**IT IS SO ORDERED.**

---

[3] In light of the determination that Plaintiff could sufficiently state a claim for IIED, the Court declines to address Plaintiff's claim against defendant Frazer for NIED.